IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KIMBERLY L. JACKSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | |
| § | Civil Action No.: 3:07-CV-1557-O |
| § | ECF |
| TEXAS WORKFORCE COMMISSION, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are: Plaintiff's Motion for Judgment by Default (Doc. # 20) filed January 25, 2008; Defendant's Response to Plaintiff's Motion for Judgment by Default (Doc. # 21) filed January 28, 2008; and Plaintiff's Response to Defendant's Response to Plaintiff's Motion for Judgment by Default (Doc. # 22) filed January 31, 2008. Having reviewed the motion, Defendant's response, and the applicable law, the Court finds that Plaintiff's Motion for Judgment by Default should be DENIED for the reasons set forth below.

I.
BACKGROUND

This is an employment discrimination case. On September 12, 2007, Plaintiff filed a pro se civil rights complaint under 42 U.S.C. §1983 against Defendant Texas Workforce Commission. *See* Doc. No. 1 (3:07-CV-1557-O) (N.D. Tex. Sept. 12, 2007). Plaintiff also filed a motion for leave to proceed in forma pauperis. Doc. No. 2 (3:07-CV-1557-O) (N.D. Tex. Sept. 12, 2007). Based on the Court's standing order the case was automatically referred to Magistrate Judge Stickney for screening and resolution of the motion for leave to proceed in forma pauperis. On October 15, 2007, Plaintiff was granted leave to proceed in forma pauperis, and an order was subsequently entered

directing the clerk to issue a summons to deliver along with copies of the complaint and the magistrate judge's questionnaire to the United States Marshal's Office for service upon defendant. Doc. No. 12 (3:07-CV-1557-O) (N.D. Tex. Nov. 29, 2007). The summons was returned executed and reflecting it was served upon Defendant on December 27, 2007. Doc. No. 18 (3:07-CV-1557-O) (N.D. Tex. Jan. 15, 2008). Defendant filed its First Original Answer on January 16, 2008. Doc. No. 17 (3:07-CV-1557-O) (N.D. Tex. Jan. 16, 2008).

Plaintiff now moves the Court to enter a default judgment because Defendant failed to serve a copy of its answer in accordance with Rule 5 of the Federal Rules of Civil Procedure. Defendant has filed a response to Plaintiff's motion and Plaintiff filed a reply thereto.[1] Accordingly, the issue is ripe for determination.

## II.
## DISCUSSION

"A party is not entitled to a default judgment as a matter of right, even when the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). The Fifth Circuit has held that default judgment as a sanction for the failure to respond to a summons is a drastic measure that should be employed only as a last resort. *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Moreover, a federal court cannot enter a default judgment when the defendant has filed an answer, even if defective. *Davis v. Parkhill-Goodloe Co.*, 302 F.2d 489, 495 (5th Cir. 1962) (noting that the district court properly refused to grant default judgment for untimely filing of answer).

---

[1] The Court notes that Plaintiff failed to include a certificate of service with her motion for judgment by default and her response to Defendant's response. *See* FED. R. CIV. P. 5(d).

2

Plaintiff argues that the Court should enter a default judgment because Defendant failed to serve its answer on the date it was filed. *See generally* Plaintiff's Mot. and Plaintiff's Resp. Defendant admits that it failed to serve Plaintiff with a copy of its answer on the date it was filed, but explains that the failure was unintentional and the result of "an innocent clerical error." *See* Defendant's Resp. at 1. Defendant has further provided evidence that it forwarded a copy of its answer to Plaintiff via overnight delivery on January 28, 2008. *See* Defendant's Resp. at Exhibit 3.

Plaintiff does not refute that Defendant timely filed its answer after being served with summons and a copy of the complaint. *See* FED. R. CIV. P. 12(a)(1)(A). Instead, Plaintiff seeks a default judgment as punishment for Defendant's failure to serve her with a copy of the answer. The Court finds that entry of a default judgment under these circumstances is precluded by Fifth Circuit precedent. *See Shipco Gen., Inc.*, 814 F.2d at 1014; *Davis*, 302 F.2d at 495.

The Federal Rules of Civil Procedure and the Local Rules for the Northern District of Texas require that all parties are to be provided with a copy of all pleadings filed with the court, and further require that all pleadings contain a certificate of service reflecting that copies were provided to all counsel of record. FED. R. CIV. P. 5; N.D. LOC. R. 5.1. The parties are reminded that they are required to comply with Rule 5 of the Federal Rules of Civil Procedure and the local rules when filing their pleadings in this litigation. The Court will consider imposing appropriate sanctions if these rules are intentionally violated.

In sum, because Defendant timely filed its answer to Plaintiff's summons and complaint, the motion for judgment by default is hereby DENIED.

**SO ORDERED** on this the 13th day of February, 2008.

**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**